UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 17-00899-SVW-SP | Date | July 11, 2017 |
|---|---|---|---|
| Title | *Philip Paleg v. Kmart Corporation, et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     IN CHAMBERS ORDER GRANTING MOTION TO REMAND [14]

### I.     Introduction

On March 16, 2017, Plaintiff Philip Paleg ("Plaintiff") filed a complaint in San Bernardino County Superior Court against his former employer Kmart, as well as parent companies Sears Holding Corporation and Sears Management Corporation, and his former Kmart supervisor, Alfonso Delgado ("Defendants"), alleging causes of action for (1) statutory wage and hour violations; (2) unfair business practices; (3) unlawful discrimination; (4) wrongful termination of employment in violation of public policy; and (5) intentional infliction of emotional distress. On May 9, 2017, Defendant removed the action to this Court under 28 U.S.C. § 1441, asserting that jurisdiction was proper in federal court pursuant to 28 U.S.C. §1332 based on complete diversity among the parties. Plaintiff and Defendant Delgado are citizens of California. All other defendants are citizens of states other than California.

### II.     Statement of Facts

Plaintiff worked for Kmart for nearly 40 years before he was terminated. At the time of his termination, he was 62 years-old and employed as Store Manager of the Kmart in Apple Valley, California. Dkt. 1, Ex. 1 at ¶ 10. Plaintiff has alleged one cause of action for Intentional Infliction of Emotional Distress against Defendant Delgado, Plaintiff's supervisor and a Kmart District Manager.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-00899-SVW-SP | Date | July 11, 2017 |
|---|---|---|---|
| Title | *Philip Paleg v. Kmart Corporation, et al.* | | |

Dkt. 14 at 4. Under his cause of action for IIED, Plaintiff alleges that Delgado required him to work "long hours and excessive days without breaks and overtime compensation," and that this was "physically, mentally and emotionally taxing upon Plaintiff. Dkt. 1, Ex. 1 at ¶ 35. Plaintiff alleges that this was designed to force Plaintiff to quit, "as part of a pattern and practice of engaging in age discrimination against Kmart employees." *Id*. Plaintiff alleges that Defendant Delgado participated in conduct "beyond the normal confines of the employment relationship" by carrying out "unwarranted actions and scrutiny against Plaintiff," and attempting to induce him to quit. *Id*.

Plaintiff is a resident of California. *Id*. at ¶ 1. Kmart is incorporated in Michigan, has its principal place of business in Illinois, and is therefore a citizen of both Michigan and Illinois. Dkt. 1 at ¶ 16. Sears Holding Management Company and Sears Holding Corporation are incorporated in Delaware, have their principal places of business in Illinois, and are therefore citizens of both Delaware and Illinois. *Id*. at ¶¶ 16-23. Defendant Delgado is a citizen of California. *Id*. at ¶ 25.

### III. Analysis
#### a. Legal Standard

Generally, a civil case can be removed to federal court if the case could have originally been brought there. 28 U.S.C. §1441; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). One basis for removal is diversity jurisdiction under 28 U.S.C. §1332. A federal court has diversity jurisdiction under 28 U.S.C. §1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. §1332(a). Any instance of common citizenship between a plaintiff and defendant "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546, 553 (2005).

An exception to the requirement of complete diversity exists where a non-diverse defendant has been fraudulently joined. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "[A] non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla v. AT&T Corp.*, 697 F.Supp. 2d 1156,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-00899-SVW-SP | Date | July 11, 2017 |
|---|---|---|---|
| Title | *Philip Paleg v. Kmart Corporation, et al.* | | |

1158 (C.D. Cal. 2009); s*ee also Good v. Prudential Ins. Co. of America*, 5 F.Supp. 2d 804, 807 (N.D. Cal. 1998). ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). The party seeking removal bears the burden of proving the joinder was fraudulent, and there is a general presumption against fraudulent joinder. *See Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

      **b.   Possibility of Recovery**

Defendant argues that Delgado was fraudulently joined because Plaintiff cannot "possibly recover" against Delgado. Defendant asserts that Plaintiff's single cause of action for Intentional Infliction of Emotional Distress against Delgado is barred by the exclusivity provision of the Workers' Compensation Act, that Plaintiff cannot adequately state a claim for emotional distress against Delgado, and that Plaintiff's claim is barred by the doctrine of managerial privilege.

        **i.   Exclusivity Provision of the Workers Compensation Act**

The California Workers' Compensation Act is the sole remedy for employees against their employers "for any injury sustained . . . arising out of and in the course of the employment . . . ." Cal. Lab. Code. §§ 3600(a). Code §3601 provides that where the "conditions of compensation exist," the right to recover under the WCA is "the exclusive remedy" for injury of an employee against an employer acting within the scope of employment. *Id*. Therefore, Defendant asserts, Plaintiff's claim against Delgado is barred.

Defendant relies on *Nguyen v. Durham School Services L.P.*, 2016 WL 3436381 (C.D. Cal. June 16, 2016), *Langevin v. Fed Exp. Corp.*, No. CV 14008105 MMM (FFMx), 2015 WL 1006367, at *14 (C.D. Cal. Mar. 6, 2015), and *Miklosy v. Regents of the Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008), to argue that IIED claims are preempted by the WCA's exclusivity provision. These federal and state courts held that IIED claims based on employer retaliation against whistleblowers are barred by the exclusivity provision of the WCA. Plaintiffs argues that his injury did not arise out of his normal employment relationship with Delgado. Instead, the conduct complained of—illegal age discrimination—"was unlawful activity in violation of California public policies prohibiting such discrimination in the workplace." Dkt. 14 at 11. Therefore, Plaintiff asserts, his claim does not fall within the exclusivity

                                                                                                     :

Initials of Preparer                           
                                                                                 PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-00899-SVW-SP | Date | July 11, 2017 |
|---|---|---|---|
| Title | *Philip Paleg v. Kmart Corporation, et al.* | | |

provision of the Workers' Compensation Act and his claim is not barred. *See Fretland v. County of Humboldt*, 69 Cal.App.4th 1478, 1492 (1999) (holding that plaintiff's emotional distress claims against his employer were not barred by the exclusivity doctrine because "discrimination is not a normal risk of the compensation doctrine"); *Watson v. Department of Rehabilitation*, 212 Cal.App.3d 1271, 1287 (1989) (holding that emotional distress claims against an employer were not barred by the WCA when the claims were rooted in racial and age discrimination and "[s]uch discrimination is not a normal incident of employment"); *Barsell v. Urban Outfitters, Inc.*, No. CV-09-02604 MMM (RZx), 2009 WL 1916495 (C.D. Cal., July 1, 2009) (holding that there existed a "non-fanciful possibility" that the WCA did not bar plaintiff's emotional distress claim against her employer when the claim was "based on allegations of disability discrimination").

The authorities Defendant cites for the proposition that emotional distress claims are barred by the WCA are unpersuasive. In the instant case, Plaintiff's emotional distress claim is based on alleged discriminatory conduct by Defendants, including Delgado. However, none of Defendants' authorities concern claims based on discriminatory conduct. Defendants' reliance on *Nguyen*, *Miklosy* and *Langevin* is misplaced because these cases stand for the proposition that IIED claims against employers for retaliation against whistleblowing are barred by the exclusivity doctrine of the WCA. Defendant's reliance on *Cole v. Fair Oaks Fire Protect. Dist.*, 43 Cal. 3d 148 (1987) is similarly misplaced because the Plaintiff in *Cole* made no allegations of discrimination on behalf of the employer.

Defendants further argue that "Plaintiff cannot evade workers' compensation preemption by asserting that the gravamen of his IIED claim is Delgado's purported discriminatory conduct" because non-managers cannot be sued for discrimination under California law. Dkt. 17 at 14. Defendants cite *Reno v. Baird*, 18 Cal. 4th 640 (1998) to support this proposition. Dkt. 17 at 8. In *Reno*, the Plaintiff sued her supervisor for discrimination under the Fair Employment and Housing Act. The Court found that the FEHA "prohibits only 'an employer' from engaging in improper discrimination," and found that "only the employer, and not individual supervisors may be sued and held liable." *Reno*, 18 Cal. 4th at 645. However, the Court relied heavily on statutory interpretation and definitions within FEHA in its reasoning. Because Plaintiff makes no claim under FEHA, it does not follow that Plaintiff's IIED claim

Initials of Preparer   :
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-00899-SVW-SP | Date | July 11, 2017 |
|---|---|---|---|
| Title | *Philip Paleg v. Kmart Corporation, et al.* | | |

based on discrimination by his supervisor is barred by the WCA exclusivity provision, as there is still a possibility Plaintiff will be able to establish his cause of action. The Court finds that there is a non-fanciful possibility that Plaintiff's IIED claim against Delegado is not barred by the WCA.

### ii. IIED Pleading Standard

Defendant argues that Plaintiff did not adequately plead facts sufficient to allege a claim of Intentional Infliction of Emotional Distress. Dkt. 1 at 8. To state a claim for IIED in California, Plaintiff must allege that "(1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 745 (2002). Plaintiff pled that "Delgado gave him unwarranted discipline, scrutiny and pressure," and "placed unreasonable demands and expectations on him." Complaint at ¶¶ 35-36. Defendant claims that because this is conduct that is a normal part of the work environment, "Plaintiff has not pled any ultimate facts against Delgado in support of his intentional infliction of emotional distress claim," and remand should therefore be denied. Dkt. 17 at 10; *see Kobos v. Schwan's Home Serv.*, 2009 WL 2425399, at *3-4 (E.D. Cal. Aug. 7, 2009) (holding that a nondiverse defendant had been fraudulently joined when the plaintiff failed to state a cause of action for intentional infliction of emotional distress against the defendant employer); *see also Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996) (finding that an emotional distress claim failed when plaintiff failed to plead "outrageous conduct beyond the bounds of human decency").

However, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla*, 697 F.Supp. 2d 1156, 1159. Here, although Plaintiff's allegations are not detailed, this is not enough to justify deeming Delgado a sham Defendant. *See Widder v. State Farm Fire & Cas. Co.*, No. CIV 2:10-221 WBS KJN, 2010 WL 4386698 (E.D. Cal. Oct. 28, 2010) (holding that it would not be "impossible or fanciful" for the plaintiff to establish liability against a nondiverse defendant by adding more detail to or expanding upon the allegations in his complaint). Therefore, the Court finds that Defendant's argument that Plaintiff cannot meet the IIED pleading standard does not justify finding that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 17-00899-SVW-SP | Date | July 11, 2017 |
| Title | *Philip Paleg v. Kmart Corporation, et al.* | | |

Delgado was fraudulently joined.

### iii. Managerial Privilege

Finally, Defendant asserts that Plaintiff's claim against Delgado is barred because individual managers cannot be held personally liable for tort claims brought by other employees arising from actions taken within the course and scope of their managerial capacity. *See McCabe*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 346-7 (1998); *Aalgaard v. Merchants Nat'l Bank, Inc.*, 224 Cal.App.3d 674, 684-86 (1990); *Becket v. Welton Becket & Assocs.*, 39 Cal. App.3d 815, 823-24 (1974); *Marin v. Jacuzzi*, 224 Cal. App. 2d 549 (1964).

However, none of Defendants' authorities are persuasive because each cited case involves intentional interference with a contract induced by a third party, which is not the issue in this case. *See Onelum v. Best Buy Stores*, L.P., 948 F.Supp. 2d 1048, 1052 (C.D. Cal. 2013) ("Defendants fail to cite a single case that applies this managerial privilege rule to the tort of intentional infliction of emotional distress."). Defendants fail to show that Plaintiff's IIED claim is barred by the doctrine of managerial privilege. Defendants have not met their burden of showing that there is no possibility Plaintiff can succeed in his claim against Delgado, and therefore the motion to remand is GRANTED.

## IV. Subsidiary Issues

### a. Plaintiff's Request for Attorney's Fees

Plaintiff requests that the Court order Defendant to pay attorney's fees incurred as a result of removal. Dkt. 14 at 21; *See* 28 U.S.C §1447(c). However, the Court finds that Defendants had a reasonable basis for seeking removal. *See Martin*, 546 U.S. at 141 ("Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

### b. Violations of Local Rule 7-3

Defendant contends that Plaintiff failed to meet and confer in violation of Local Rule 7-3. Plaintiff disputes this contention. The Court finds that, even if true, Defendants suffered no real prejudice. *See Reed v. Sandstone Properties, L.P.*, No. CV 12-05021 MMM VBXX, 2013 WL 13444912, *6 (C.D. Cal. Apr. 2, 2013) (considering a motion on its merits when no real prejudice resulted from a failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-00899-SVW-SP | Date | July 11, 2017 |
|---|---|---|---|
| Title | *Philip Paleg v. Kmart Corporation, et al.* | | |

comply with Local Rule 7-3).

**V.     Conclusion**

For the foregoing reasons, the Court GRANTS the Motion to Remand and remands the case back to San Bernardino County Superior Court.

:

Initials of Preparer

PMC